UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

BRANDO LLC,

      Plaintiff,

v.

SWANK, LLC d/b/a
SWANK A POSH,

      Defendant.

Case No. 2:25-cv-13731
Hon. Brandy R. McMillion
Mag. Curtis Ivy, Jr.

_____

**FIRST AMENDED COMPLAINT**

Plaintiff Brando, LLC ("Brando") by and through its attorneys, Taft Stettinius & Hollister, LLP, for its First Amended Complaint against Defendant Swank, LLC d/b/a Swan A Posh ("Swank") alleges as follows:

**PARTIES AND JURISDICTION**

1.     Brando is a California limited liability company, who does business in California and whose sole member, Michael Kotob, is a resident of California.

2.     Swank is a Michigan limited liability company, whose registered office is located at 36177 Mound Road, Sterling Heights, Michigan and whose members, Ebony Shaw ("Shaw") and Tony Davis ("Davis") reside in Macomb County Michigan.

3.     The Court has personal jurisdiction over Swank, who is a citizen of this District.

196316544v1

4.      The Court has subject matter jurisdiction over this matter because the amount in controversy is in excess of $75,000 and the parties are citizens of different States.

5.      Venue is proper in this District because Swank is located here and events underlying the Complaint arose in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.      Brando is in the business of fulfillment and shipment of customer orders for clothing retailers.

7.      Brando helps retailers source and negotiate the purchase of clothing or fashion items that retailers buy in bulk and store in a warehouse in Los Angeles.

8.      When one of its retailers sells such items, Brando fulfills the order and ensures delivery to the customer who purchased the item.

9.      In 2017, Brando was introduced to Swank's principal, Shaw, who operates a clothing boutique in Southfield, Michigan

10.     Brando and Swank entered into an agreement for Brando to provide fulfillment and procurement services for Swank.

11.     Brando also helped Swank source goods and negotiate prices.

12.     For its services, Brando charged Swank approximately $3 for each order fulfilled, plus 6% of whatever goods Swank purchased that Brando sourced.

2

196316544v1

13. The orders Brando processed for Swank grew from a couple of hundred thousand dollars the first year, to as much as $24 million and over 1,000 orders per day.

14. The parties' agreement was reflected in Brando's written invoices for services rendered, which Brando sent each month and Swank paid (partially), for nearly seven (7) years.

15. Swank was often late or did not pay in full, causing a balance to accumulate, but Brando kept providing services as long as Swank was making partial payments.

16. However, during 2022 and 2023, the size of Swank's payments began to shrink, while correspondingly Swank's balance began to grow

17. In 2025, Swank's payments became less frequent and smaller in amount.

18. Despite having a balance of $1,044,578.74, Swank's last payment on November 6, 2025, was for a mere $4,500.

19. Brando contacted Swank repeatedly to obtain further payment, but Swank went "radio silent," and has not made any further payments.

20. Upon information and belief, Swank also closed its online store and does not intend to make any further payments.

3

196316544v1

21. Swank currently owes Brando at least $1,085,050.74 for services rendered.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

22. Brando repeats and realleges each of the foregoing allegations as though fully restated hereat.

23. Brando and Swank entered into a contract whereby Brando was to provide fulfillment and procurement services for Swank and Swank was required to pay Brando for same.

24. The payment terms for Brando's services are reflected in Brando's written invoices to Swank.

25. Brando performed the parties' contract by providing the agreed upon services.

26. Swank breached the parties' contract by failing to pay.

27. Brando has been damaged by Swank's breach in an amount to be determined at trial, but not less than $1,085,050.74.

## SECOND CAUSE OF ACTION
## (Account Stated)

28. Brando repeats and realleges each of the foregoing allegations as though fully restated hereat.

29. Brando provided services on account to Swank.

4

30.   Each month, Brando sent invoices for services rendered which indicated the services performed and the amounts due.

31.   Swank received Brando's invoices and failed to object to them in a reasonable time and made partial payments of them.

32.   Swank failed to pay $1,085,050.74 due as stated on Brando's invoices.

33.   Accordingly and account has been stated by Brando against Swank in the amount of $1,085,050.74 as detailed in the attached Declaration of Account Stated. **Exhibit 1**, Declaration of Account Stated.

### COUNT III
### (UNJUST ENRICHMENT/QUANTUM MERUIT)

34.   Brando repeats and realleges each of the foregoing allegations as though fully restated hereat.

35.   Brando provided services on account to Swank and Swank accepted and benefited from Brando's services.

36.   Brando's services are of the type of and Swank knew that Brando expected to be paid for its services

37.   Brando is entitled to the reasonable value of its services and/or it would be unjust to allow Swank to receive the benefit of Brando's services and not pay for them.

38.   The reasonable value of Brando's services is at least $1,085,050.74.

5

196316544v1

WHEREFORE, Brando respectfully requests Judgment in its favor against Swank, in an amount to be determined at trial, but believed to be $1,085,050.74, plus pre-and post judgment interest, costs, attorney's fees and any such other further relief the Court deems just and proper.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER, LLP

Dated:  December 1, 2025

By:  /s/ Ethan R. Holtz
Ethan R. Holtz (P71884)
Vincent C. Sallan (P79888)
*Attorneys for Plaintiff*
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
eholtz@taftlaw.com
vsallan@taftlaw.com

196316544v1