UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

**Brando LLC,**

          Plaintiff,

vs.

**Swank, LLC** dba **Swank A Posh**,

          Defendant.

Civil No. 2:25-cv-13731
Hon. Brandy R. McMillion
Mag. Curtis Ivy, Jr.

---

## DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Swank, LLC d/b/a Swank A Posh ("Swank"), by counsel, respectfully moves this Court to dismiss Plaintiff Brando LLC's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff has already amended once and nevertheless fails to plead the material terms of any enforceable contract, relies on conclusory allegations to assert an account stated, pleads unjust enrichment in contradiction of its own contract allegations, and seeks attorneys' fees without any pleaded contractual or statutory basis. Because these defects are substantive and not technical—and because Plaintiff has already had an opportunity to amend—dismissal without further leave to amend is warranted.

1

A brief in support is filed contemporaneously.

<div style="margin-left: 45%;">

BOLTON LEGAL GROUP

*/s/ Ian S. Bolton*

Ian S. Bolton (P68872)
24361 Greenfield Rd., Ste. 201
Southfield, MI  48075
(248) 595-0001
ian@boltonlegalgroup.com
*Attorney for Defendant*

</div>

Dated: February 17, 2026

2

## TABLE OF CONTENTS

**INDEX OF AUTHORITIES**............................................................................ ii

**STATEMENT OF ISSUES PRESENTED** ........................................................ iii

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** ...............1

    **I.**    **INTRODUCTION** ........................................................................1

    **II.**    **GOVERNING STANDARD** ........................................................1

    **III.**    **COUNT I – BREACH OF CONTRACT** ....................................2

        A. Michigan Law Requires Definite Material Terms ...............................2

        B. Plaintiff Does Not Plead Any Material Contract Terms .......................2

        C. Invoices Do Not Supply Missing Contract Terms ...............................3

        D. Damages Are Pleaded as a Conclusion .................................................4

    **IV.**    **COUNT II – ACCOUNT STATED** .............................................4

    **V.**    **COUNT III – UNJUST ENRICHMENT** ....................................5

    **VI.**    **ATTORNEYS' FEES AND "PENALTIES"** .................................5

    **VII.**    **NO FURTHER LEAVE TO AMEND IS WARRANTED** ...................6

    **VIII.**    **CONCLUSION** ...........................................................................6

**CERTIFICATE OF COMPLIANCE** ...............................................................7

**STATEMENT OF ATTEMPT TO OBTAIN CONCURRENCE**......................7

**CERTIFICATE OF SERVICE** .........................................................................8

i

# INDEX OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)......................................................2, 4

*Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000).......................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).............................................1

*Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003) ...............5

*Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*, 494 Mich. 543, 557 (2013)......4

*Gunasekera v. Irwin*, 551 F.3d 461, 467 (6th Cir. 2009) .........................................3

*Haliw v. City of Sterling Heights*, 471 Mich. 700, 706 (2005).................................5

*In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 743 (6th Cir. 2001) ...........................3

*Kamalnath v. Mercy Mem'l Hosp. Corp.*, 194 Mich. App. 543, 548 (1992) ............2

*PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)........................6

*Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 375
   (2003)...................................................................................................................2

*Twombly*, 550 U.S. at 555 .......................................................................................4

*Unifund CCR Partners v. Riley*, 292 F. App'x 440, 444 (6th Cir. 2008).................5

## STATEMENT OF ISSUES PRESENTED

**I.      Breach of Contract**

Whether Plaintiff fails to state a claim for breach of contract where it does not plead the material terms of any enforceable agreement, including payment deadlines, calculation methods, dispute procedures, or facts showing mutual assent, as required under Rule 8 and governing Michigan law.

**II.     Account Stated**

Whether Plaintiff fails to plausibly plead an account-stated claim where it alleges only that invoices were sent, not objected to, and partially paid, but does not allege facts showing assent to a specific final balance or the rendering of a final statement of account.

**III.    Unjust Enrichment**

Whether Plaintiff's unjust-enrichment claim must be dismissed as a matter of law because Plaintiff alleges the existence of an express contract governing the same subject matter.

**IV.     Attorneys' Fees and Penalties**

Whether Plaintiff's requests for attorneys' fees and penalties must be dismissed where the complaint alleges no contractual or statutory basis for such relief.

**V.      Leave to Amend**

Whether dismissal should be without further leave to amend where Plaintiff has already amended once and still fails to plead facts sufficient to state any plausible claim.

<u>**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**</u>

**I.      <u>INTRODUCTION</u>**

This case is about what Plaintiff does not plead.

Despite alleging a seven-year commercial relationship and seeking more than $1 million, Plaintiff Brando LLC ("Brando") does not plead the material terms of any contract: no payment due dates, no billing or reconciliation mechanism, no agreement regarding credit, no dispute procedure, no interest or penalty terms, no termination provisions, and no facts showing mutual assent to invoices as binding contract terms. Instead, Brando pleads conclusions—"entered into a contract," "payment terms are reflected in invoices," "failed to object," "owes $1,085,050.74"—precisely the kind of pleading rejected by Rule 8, *Twombly*, and *Iqbal*.

This is Brando's First Amended Complaint. Having already had an opportunity to plead its claims, Brando is not entitled to another attempt absent good cause. Because the defects are foundational and not curable by discovery, dismissal is required.

**II.     <u>GOVERNING STANDARD</u>**

To survive a motion to dismiss, a complaint must allege sufficient factual matter to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A court must disregard legal conclusions and accept only well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Threadbare recitals of elements, supported only by conclusory statements, do not suffice. *Id.*

## III.  COUNT I – BREACH OF CONTRACT

The claim fails because plaintiff pleads no definite or enforceable contract terms.

### A.  Michigan Law Requires Definite Material Terms

Under Michigan law, a contract is enforceable only if its material terms are sufficiently definite to permit enforcement. *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 375 (2003).  A court cannot enforce a contract where essential terms are left open or undefined. *Kamalnath v. Mercy Mem'l Hosp. Corp.*, 194 Mich. App. 543, 548 (1992).

### B.  Plaintiff Does Not Plead Any Material Contract Terms

Brando alleges only that:

- the parties "entered into an agreement" (¶ 10),
- Brando charged "approximately $3 per order" plus "6% of whatever goods Swank purchased that Brando sourced" (¶ 12),
- payment terms were "reflected in invoices" (¶ 24).

What is missing is dispositive.

Brando does not plead:

- when payment was due;
- whether payment was due per invoice, per month, or on another schedule;
- what constituted late payment or default;
- how procurement charges were calculated or verified;
- whether Swank agreed that invoices would govern payment obligations;
- whether disputes or objections were permitted and how;
- how a balance could accrue to over $1 million without acceleration or termination.

This omission is fatal.

The Sixth Circuit has held that a breach-of-contract claim must allege facts sufficient to establish the existence of an enforceable agreement, not merely its label. *Gunasekera v. Irwin*, 551 F.3d 461, 467 (6th Cir. 2009).

Here, Brando pleads the existence of a contract but not its content. Without pleaded terms defining what Swank was required to do—and when—there is no plausible breach.

## C.    Invoices Do Not Supply Missing Contract Terms

Brando's reliance on invoices does not cure the defect.  An invoice is a unilateral billing document, not a contract, absent facts showing mutual assent to its terms. See *In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 743 (6th Cir. 2001) (distinguishing invoices from enforceable agreements).

3

Brando pleads no facts showing Swank agreed that invoices would:

- define payment obligations,
- modify prior terms, or
- bind Swank to additional charges.

Simply alleging that invoices were sent and partially paid is insufficient under *Iqbal*. Partial payment may reflect cash-flow management or dispute mitigation; it does not plausibly establish assent to undefined contractual terms.

### D.    Damages Are Pleaded as a Conclusion

Brando alleges a lump-sum balance of $1,085,050.74 with no factual explanation of how that amount was calculated. *Twombly* expressly rejects pleading that offers a bottom-line number without factual support. *Twombly*, 550 U.S. at 555.

## IV.    <u>COUNT II – ACCOUNT STATED</u>

Plaintiff pleads the elements as conclusions, not facts.  An account stated is a new contract requiring assent to a stated balance. *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*, 494 Mich. 543, 557 (2013).

Brando pleads only that:

- invoices were sent,
- Swank did not object,
- partial payments were made.

Those are legal conclusions, not factual allegations showing assent. Critically, Brando does not plead:

- when a final statement of account was rendered;

4

- which invoices comprised the stated balance;
- that Swank accepted a specific balance as accurate.

Silence can imply assent only where circumstances plausibly support that inference. Here, the complaint alleges years of fluctuating balances and partial payments—facts that undermine, rather than support, assent to a final stated account. Courts routinely dismiss account-stated claims pled in this conclusory manner. See *Unifund CCR Partners v. Riley*, 292 F. App'x 440, 444 (6th Cir. 2008).

## V. COUNT III – UNJUST ENRICHMENT

Barred by plaintiff's own allegations of an express contract. Michigan law is clear: unjust enrichment is unavailable where an express contract governs the same subject matter. *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003).

Brando alleges an express contract governing the services at issue and seeks damages for its breach. Its unjust-enrichment claim is therefore legally barred and should be dismissed.

## VI. ATTORNEYS' FEES AND "PENALTIES"

No pleaded basis exists.  Brando seeks attorneys' fees and penalties without alleging any contractual provision or statute authorizing such recovery. Under the American Rule, such relief is unavailable absent a pleaded basis. See *Haliw v. City of Sterling Heights*, 471 Mich. 700, 706 (2005). Those requests should be dismissed.

5

## VII.   <u>NO FURTHER LEAVE TO AMEND IS WARRANTED</u>

This is Brando's First Amended Complaint. It has already had an opportunity to cure deficiencies.  The Sixth Circuit holds that denial of further leave is proper where a plaintiff fails to cure defects after amendment. *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004).

Plaintiff is not entitled to an advisory opinion followed by another attempt. *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000).  Because the absence of contract terms is a substantive defect, further amendment would be futile absent entirely new facts.

## VIII.  <u>CONCLUSION</u>

For these reasons, the Court should:

1. Dismiss Counts I–III under Rule 12(b)(6);
2. Dismiss Plaintiff's claims for attorneys' fees and penalties; and
3. Dismiss without further leave to amend absent a showing of good cause.

BOLTON LEGAL GROUP

*/s/ Ian S. Bolton*
Ian S. Bolton (P68872)
24361 Greenfield Rd., Ste. 201
Southfield, MI  48075
(248) 595-0001
ian@boltonlegalgroup.com

Dated: February 17, 2026          *Attorney for Defendant*

6

## CERTIFICATE OF COMPLIANCE

This Motion was drafted using Microsoft Word. According to the word court, this document contains 2004 words. Subtracting the case caption, cover sheets, table of contents, table of authorities, signature block, attachments, exhibits, affidavits and other addenda, the word count comes to 1370.

I certify that this word count falls under the 4,300 word limit as required for non-dispositive motions under LCivR 7.3(b)(i).

BOLTON LEGAL GROUP

*/s/ Ian S. Bolton*
Ian S. Bolton (P68872)
24361 Greenfield Rd., Ste. 201
Southfield, MI  48075
(248) 595-0001
ian@boltonlegalgroup.com

Dated: February 17, 2026                    *Attorney for Defendant*

## STATEMENT OF ATTEMPT TO OBTAIN CONCURRENCE

On December 17, 2025 Ian Bolton, counsel for Defendant and Ethan R. Holtz, counsel for Plaintiff, conferred via electronic mail to discuss the Defendant's objections to and issues with Plaintiff's Amended Complaint. There were several emails exchanged and despite their best efforts, the parties could not come to an agreement. Fed.R.Civ.P. 26(c)(1) and LCivR 7.1.

BOLTON LEGAL GROUP

*/s/ Ian S. Bolton*
Ian S. Bolton (P68872)
24361 Greenfield Rd., Ste. 201
Southfield, MI  48075
(248) 595-0001
ian@boltonlegalgroup.com

Dated: February 17, 2026                    *Attorney for Defendant*

7

## <u>CERTIFICATE OF SERVICE</u>

Barbara Wislinski, being first duly sworn, deposes and says that she is employed by Bolton Legal Group and that on February 17, 2026, she served, via Electronic Mail, a copy of Defendant's Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and this proof of service upon:

Ethan R. Holtz (P71884) – eholtz@taftlaw.com
Vincent C. Sallan (P79888) – vsallan@taftlaw.com

*/s/ Barbara Wislinski*

Dated:  February 17, 2026                Barbara Wislinski, Legal Assistant

8