## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN

BRANDO LLC,

    Plaintiff,

v.

SWANK, LLC d/b/a SWANK A POSH

    Defendant.

Case No. 2:25-cv-13731
Hon. Brandy R. McMillion
Mag. Curtis Ivy, Jr.

## PLAINTIFF BRANDO, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT SWANK, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Plaintiff Brando, LLC ("Brando"), through counsel Taft Stettinius & Hollister LLP, hereby submits its Response in Opposition to Defendant Swank, LLC d/b/a Swank A Posh's ("Swank") Motion to Dismiss ("Motion"). The factual and legal bases for this Response are set forth fully in the brief supporting this motion, filed in accordance with E.D. Mich. L.R. 7.1(d).

WHEREFORE, Brando respectfully requests that this Court deny Swank's Motion in its entirety and award Brando such other and further relief this Court deems just and proper.

Respectfully Submitted,

Date:  March 10, 2026

By: */s/ Vincent C. Sallan*
Ethan R. Holtz (P71884)
Vincent C. Sallan (P79888)
Taft Stettinius & Hollister LLP
*Attorneys for Plaintiff*
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 727-1512
eholtz@taftlaw.com
vsallan@taftlaw.com

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN

BRANDO LLC,

    Plaintiff,

v.

SWANK, LLC d/b/a SWANK A POSH

    Defendant.

Case No. 2:25-cv-13731
Hon. Brandy R. McMillion
Mag. Curtis Ivy, Jr.

**BRIEF IN SUPPORT OF PLAINTIFF BRANDO, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT SWANK, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...........................................................................................iv

INTRODUCTION ......................................................................................................1

RELEVANT FACTUAL BACKGROUND.............................................................2

STANDARD OF REVIEW .......................................................................................4

ARGUMENT ...............................................................................................................5

    I.       BRANDO ADEQUATELY PLEADS A BREACH OF CONTRACT CLAIM ...............................................................................5

           A.     Brando pleads definite material terms ........................................5

           B.     Brando's invoices corroborate the contractual terms ................9

           C.     Brando's damages allegations are sufficiently pled .................10

    II.     THE ACCOUNT STATED CLAIM IS PLAUSIBLE AND SHOULD NOT BE DISMISSED ......................................................11

    III.   THE UNJUST ENRICHMENT CLAIM IS PROPERLY PLED IN THE ALTERNATIVE UNDER RULE 8....................................14

    IV.   BRANDO'S REQUESTS FOR ATTORNEYS' FEES, COSTS, AND INTEREST NEED NOT BE STRICKEN AT THE PLEADING STAGE ...................................................................16

    V.    DISMISSAL WITH PREJUDICE IS UNWARRANTED AND CONTRARY TO RULE 15 ......................................................16

CONCLUSION...……………………………………………………………… 17

## COUNTER-STATEMENT OF ISSUES PRESENTED

I.  Whether Swank's motion to dismiss Brando's cause of action for Breach of Contract (Count I) should be denied because Brando has sufficiently stated a claim for breach of contract because the Complaint alleges a contract between the parties arising out of a seven-year commercial relationship, identifies the parties, services, and pricing formula (flat per-order plus a percentage of sourced goods) (*i.e*, terms), and alleges a breach by nonpayment of a specific, substantial balance (*i.e.*, damages), thereby stating a claim for breach of contract pursuant to Michigan Law?

|  |  |
|---|---|
| Defendant says: | **No.** |
| Plaintiff says: | **Yes.** |
| This Court should say: | **Yes.** |

II.  Whether Swank's motion to dismiss Brando's cause of action for Account Stated (Count II) should be denied because Brando has sufficiently stated a claim for account stated because the Complaint alleges that Brando regularly invoiced Swank, Swank made partial payments over years, and Swank never timely objected to the balances, permitting a reasonable inference of assent under Michigan law?

|  |  |
|---|---|
| Defendant says: | **No.** |
| Plaintiff says: | **Yes.** |
| This Court should say: | **Yes.** |

III.  Whether Swank's motion to dismiss Brando's cause of action for Unjust Enrichment (Count III) should be denied because Brando expressly pleads unjust enrichment as an alternative theory under Fed. R. Civ. P. 8(d) because Swank disputes the existence of an enforceable express contract between the parties?

|  |  |
|---|---|
| Defendant says: | **No.** |
| Plaintiff says: | **Yes.** |
| This Court should say: | **Yes.** |

IV.  Whether this Court should deny Swank's motion to dismiss Brando's claims for attorneys' fees, costs, and interest as part of its requested relief because the underlying claims are sufficiently pled and the availability of particular remedies can be resolved at a later stage?

|  |  |
|---|---|
| Defendant says: | **No.** |

Plaintiff says: **Yes.**
This Court should say: **Yes.**

V. Whether Swank's request for dismissal with prejudice should be denied given Rule 15(a)'s liberal amendment standard and the absence of any showing of bad faith, prejudice, or futility?

Defendant says: **No.**
Plaintiff says: **Yes.**
This Court should say: **Yes.**

iii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v Iqbal*,
  556 U.S. 662 (2009)........................................................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................10

*Calhoun Cty. v. Blue Cross Blue Shield Michigan*,
  824 N.W.2d 202 (Mich. Ct. App. 2012)..................................5, 6, 7, 8

*Constract Design Grp., Inc. v. Wayne State Univ.*,
  635 F. App'x 222 (6th Cir. 2015) ................................................11

*Dunn v. Bennett*,
  846 N.W.2d 75 (Mich. Ct. App. 2013)........................................12

*Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*,
  837 N.W.2d 244 (Mich. 2013)..............................................11, 12

*Francis v. Gen. Motors, LLC*,
  504 F. Supp. 3d 659 (E.D. Mich. 2020) ......................................15

*Heinrich v Waiting Angels Adoption Servs., Inc.*,
  668 F.3d 393 (6th Cir. 2012) ......................................................4

*In re AutoStyle Plastics, Inc.*,
  269 F.3d 726 (6th Cir. 2001) ....................................................10

*J.W. Knapp Co. v. Sinas*,
  172 N.W.2d 867 (Mich. Ct. App. 1969).................................6, 7, 8

*Keywell & Rosenfeld v. Bithell*,
  657 N.W.2d 759 (Mich. Ct. App. 2002).......................................11

*Lipa v. Asset Acceptance, LLC*,
  572 F. Supp. 2d 841 (E.D. Mich. 2008) ......................................12

*Miller-Davis Co. v. Ahrens Const., Inc.*,
  848 N.W.2d 95 (Mich. 2014)....................................................5, 6

iv

*Oldnar Corp. v. Panasonic Corp. of N. Am.*,
  766 F. App'x. 255 (6th Cir. 2019) .......................................................................14

*Parchman v. SLM Corp.*,
  896 F.3d 728 (6th Cir. 2018) ..............................................................................17

*Red Star Constr. Grp., LLC v. Odin Props., LLC*,
  No. 2:23-CV-12341, 2025 WL 3111020 (E.D. Mich. Nov. 6, 2025) .......................9

*Select Rehab., LLC v. Sana Health, Inc.*,
  No. 17-13734, 2018 WL 2009578 (E.D. Mich. Apr. 30, 2018) .........................15

*Shel-Den Corp v. Thibault*,
  No. 367724 (Mich. Ct. App. Aug. 21, 2025)....................................................7, 8

*Solo v. UPS Co.*,
  819 F.3d 788 (6th Cir. 2016) ..........................................................................4, 15

*Unifund CCR Partners v. Riley*,
  292 F. App'x 440 (6th Cir. 2008) ................................................................12, 13

*United States v. Currency $19,31518*,
  No. 18-11307, 2023 WL 2410992 (E.D. Mich., March 8, 2023).........................5

**Statutes**

28 U.S.C. § 1983 ...................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...............................................................................*passim*

Fed. R. Civ. P. 8 .......................................................................12, 13, 14, 16

Fed. R. Civ. P. 15(a)(2).................................................................................16, 17

## INTRODUCTION

Swank's Motion is a clear delay tactic, looking for forestall action on Brando's First Amended Complaint ("Complaint"). The Complaint plainly and obviously states claims for Breach of Contract, Account Stated, and Unjust Enrichment. Any arguments otherwise by Swank depend entirely on mischaracterizing either the Complaint or applicable law.

Brando has sufficiently stated a claim for Breach of Contract. The Complaint alleges a seven-year, ongoing commercial relationship, identifies the parties, describes the fulfillment and procurement services provided, sets out the pricing structure ($3 per order plus 6% of sourced goods), and pleads a specific, unpaid balance exceeding $1 million. Those facts satisfy each element of a breach of contract claim.

Swank claims otherwise, arguing that Brando has failed to plead so-called "material terms" (payment schedules and dispute procedures). Swank, however, cites no authority supporting its argument that these terms are so essential that their omission requires dismissal. That is because they are clearly not and Swank's Motion should be denied.

Swank's argument that Brando's account stated claim should be dismissed is directly contrary to governing Sixth Circuit and Michigan authority providing

1

inferences of assent from partial payments and silence, which sustains a claim for account stated.

Swank's Motion as to Brando's unjust enrichment claim must also be denied because it is directly contrary to governing precedent. The Sixth Circuit has been clear that a plaintiff may plead an unjust enrichment claim in the alternative where a defendant denies the existence of a contract. Swank clearly does so in this case, and its and so Motion must be denied.

## RELEVANT FACTUAL BACKGROUND

Brando is a California limited liability company that is in the business of fulfilling and shipping customer orders for clothing retailers. (ECF No. 3, PageID.9–10, ¶¶ 1, 6.) To do so, Brando helps retailers source and negotiate the purchase of clothing or fashion items that retailers buy in bulk and store in a warehouse in Los Angeles. (*Id.* at ¶ 7.) When one of its retailers sells such items, Brando fulfills the order and ensures delivery to the customer who purchased the item. (*Id.* at ¶ 8.)

In 2017, Brando was introduced to Swank's principal, Ebony Shaw, who runs a clothing boutique in Southfield, Michigan. (*Id.* at ¶ 9.) Brando and Swank entered into an agreement for Brando to provide fulfillment and procurement services for Swank (among other services at Swank's request and for Swank's benefit, like label changing, branding, and warehouse special projects). Brando also helped Swank source goods and negotiate prices. (*Id.* at ¶¶ 10–11.) For its services, Brando charged

2

Swank approximately $3 for each order fulfilled, plus 6% of whatever goods Swank purchased that Brando sourced. (*Id.* at ¶ 12.)

The orders Brando processed from Swank grew from a couple of hundred thousand dollars the first year, to as much as $24 million and over 1,000 orders per day. (*Id.* at PageID.11, ¶ 13.) The parties' agreement was reflected in Brando's written invoices for services rendered, which Brando sent each month and Swank paid (partially) for nearly seven (7) years. While Swank was often late or did not pay in full, causing a balance to accumulate, Brando kept providing services as long as Swank was making partial payments. (*Id.* at ¶¶ 14–15.)

However, in 2022 and 2023, the size of Swank's payments began to shrink, while correspondingly, Swank's balance began to grow, and in 2025, Swank's payments became less frequent and smaller in amount. (*Id.* at ¶¶ 16–17.) Despite having a balance of $1,044,578.74, Swank's last payment on November 6, 2025 was for a mere $4,500. (*Id.* at ¶ 18.)[1]

Brando contacted Swank repeatedly to obtain further payment, but Swank went "radio silent," and has not made further payment. (*Id.* at ¶ 19.) Upon information and belief, Swank also closed its online store and does not intend on

---

[1] Since filing the Complaint, Brando has received a payment for November 24, 2025 for $8,635.

making further payments. (*Id.* at ¶ 19.) Swank currently owes Brando at least $1,085,050.74 for services rendered. (*Id.* at PageID.12, ¶ 21.)

## STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v Waiting Angels Adoption Servs., Inc.,* 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Solo v. UPS Co.*, 819 F.3d 788, 793 (6th Cir. 2016) (quoting *Iqbal*, 566 U.S. at 678). "This standard 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].'" *Id.* (alteration in original) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 566 (2007)).

**ARGUMENT**

**I.      BRANDO ADEQUATELY PLEADS A BREACH OF CONTRACT CLAIM**

    **A.      Brando pleads definite material terms.**

"A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co. v. Ahrens Const., Inc.*, 848 N.W.2d 95, 104 (Mich. 2014). Five elements are required for a valid contract: "(1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Calhoun Cty. v. Blue Cross Blue Shield Michigan*, 824 N.W.2d 202, 209 (Mich. Ct. App. 2012) (citation omitted). "[M]aterial terms are those that go to the essence of the contract." *United States v. Currency $19,31518*, No. 18-11307, 2023 WL 2410992, at *2 (E.D. Mich., March 8, 2023).[2] "Courts consider the nature of the contract, expressions of the parties, and circumstances of the agreement in evaluating what terms go to the essence of the contract." *Id.*

Here, Brando alleges that Swank retained it to provide fulfillment and procurement services, that Brando performed those services over a seven-year period, and that Swank agreed to pay $3 per order plus 6% of goods that Brando sourced. (ECF No. 3, PageID.10–11, ¶¶ 6–12.) These allegations plausibly establish

---

[2] Unpublished cases attached as Exhibit 1.

5

a contract and the material terms—the parties, subject matter, consideration, performance, and the economic terms that go to the essence of the parties' contract. Brando has also pled a breach and damages, thus stating a claim for breach of contract. *Miller-Davis Co.*, 848 N.W.2d at 104.

Swank, however, insists that Brando was required, at the pleading stage, to spell out additional detail—such as the precise timing of invoice payments, late-fee triggers, and internal reconciliation procedures—and claims those items are "material terms" that are missing and render Count I subject to dismissal. (ECF No. 7, PageID.29–30.) But Swank cites no Michigan case holding that such granular administrative details are "material terms" that must be pled to plausibly state a claim. To the contrary, Michigan courts consistently recognize contracts as enforceable where the essential business terms are alleged and any further details can be fleshed out through evidence and course of dealing. *Calhoun Cty.*, 824 N.W.2d at 209 (noting that "judicial avoidance of contractual obligations because of indefiniteness is not favored under Michigan law"); *J.W. Knapp Co. v. Sinas*, 172 N.W.2d 867, 869 (Mich. Ct. App. 1969) ("In an appropriate case an agreement may be enforced as a contract even though incomplete or indefinite in the expression of some terms, if it is established that the parties intended to be bound by the agreement, particularly where one or another of the parties has rendered part or full performance.").

6

In *Calhoun Cty*, the court enforced a health-care contract even though the challenged "access fee" was not set out as a fixed number, because the agreement provided a workable basis for determining the fee by reference to Blue Cross's standard procedures and practices. 824 N.W.2d. at 209–10. The court made clear that a contract is not void for indefiniteness where the essential bargain is evident and the remaining details can be supplied by the parties' conduct and incorporated mechanisms. *Id.* at 209–12. The same is true here, where the parties agreed on the services Brando would provide and the pricing formula, even if some administrative details are not pled line-by-line. (ECF No. 3, PageID.10–11, ¶¶ 6–12.)

Likewise, in *J.W. Knapp*, the court explained that a meeting of the minds requires agreement on the essential terms of the bargain, as reflected in the parties' objective words and conduct, not a fully negotiated set of every possible detail. 172 N.W.2d at 869–70. That principle supports enforcing the parties' agreement here, where the Complaint alleges who the parties are, what services Brando provided, and how those services would be compensated ($3 per order plus 6% of sourced goods), leaving any remaining particulars to be fleshed out through evidence and course of dealing rather than used as a basis for Rule 12(b)(6) dismissal. (ECF No. 3, PageID.10–11, ¶¶ 6–12.)

And the Michigan Court of Appeals' recent decision in *Shel-Den Corp v. Thibault*, No. 367724 (Mich. Ct. App. Aug. 21, 2025), illustrates how Michigan

7

courts focus on the essence of a services contract rather than demanding precision on every pricing and billing detail. There, homeowners hired a mitigation/restoration company to "clean, mitigate, and restore" a fire-damaged residence, with only a broad estimate of $100,000–$150,000 at the outset. *Id.* at *2–3. The contractor later issued detailed invoices reflecting the work performed and the total balance due. On appeal, the defendants argued there was no enforceable contract because the parties had not agreed on all material terms, including exactly how charges for services would be calculated and whether plaintiff was limited to actual costs. *Id.* The Court of Appeals rejected that contention, holding that the pleadings and admissions established an enforceable contract for services and, applying *Calhoun Cty.* and *J.W. Knapp*, explaining that the absence of specific price mechanics does not invalidate a contract where the parties intended to be bound and the agreement provides a workable basis for determining a reasonable price, *id.* at *4-6, just as Brando's allegations here identify the core services and pricing formula even if some billing details are not pled line-by-line.

Swank ostensibly cites to *Gunasekera v. Irwin*, 551 F.3d 461, 467 (6th Cir. 2009) for the proposition that "[t]he Sixth Circuit has held that a breach-of-contract claim must allege facts to establish the existence of an enforceable agreement, not merely its label." (ECF No. 7, PageID.30.) But Gunasekera is not a breach-of-contract case at all. *Gunaskera* dealt with a 28 U.S.C. § 1983 claim against university

8

administrators by a professor, alleging that that his due process rights were violated when he was suspended from graduate faculty status without notice and opportunity to be heard and by publicizing accusations about his role in plagiarism. Id. at 464–66. Indeed, neither the words "breach" nor "contract" appear in the text of the opinion in *Gunasekera*. Regardless, for the reasons already described above, Brando has more than pled the existence of an enforceable agreement.

## B. Brando's invoices corroborate the contractual terms.

Swank also contends that Brando improperly relies on invoices as the contract itself and so Brando's breach of contract claim should be dismissed. (ECF No. 7, PageID.30–31.) But that misstates the Complaint. Brando alleges that "[t]he parties' agreement was *reflected* in Brando's written invoices for services rendered," not that the invoices are the sole or original source of contract formation. (*Id.* at PageID.11, ¶ 14 (emphasis added).)

Courts in this district have found invoices, purchase orders, and similar documents as probative evidence of a contractual relationship and the parties' understanding of key terms. In *Red Star Constr. Grp., LLC v. Odin Props., LLC,* Judge DeClercq explained that the parties' invoices functioned as a "payment mechanism" for work performed under approved project proposals and treated those invoices as "evidence of the parties' contractual relationship," not as irrelevant paperwork. The court considered the proposals, invoices, and course of dealing

9

together in determining the scope of the parties' contracts and their payment obligations—the same way Brando's invoices here "reflect" and corroborate the agreed-upon pricing and services alleged in the Complaint. No. 2:23-CV-12341, 2025 WL 3111020, at *4 (E.D. Mich. Nov. 6, 2025).

Swank's reliance on *In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 743 (6th Cir. 2001) is wholly misplaced. (ECF No. 7, PageID.30.) The passage Swank cites simply explains that, under Article 9's "notice filing" regime, a UCC-1 gives other creditors inquiry notice of a possible security interest and does not need to recite all the specific terms of the underlying transaction. *Id.* That third-party notice concept has nothing to do with whether Brando and Swank's own contract is sufficiently definite or adequately pled. Here, Brando alleges the parties, the services, a concrete pricing formula, and nonpayment, which is exactly the kind of core bargain Michigan law treats as going to the essence of the contract.

## C.    Brando's damages allegations are sufficiently pled.

Swank further argues that Brando's damages are pled as an unsupported bottom-line number and should be dismissed because it does not comply with federal pleading standards pursuant to *Twombly*. (ECF No. 7, PageID.31.) But the Complaint alleges (1) the specific per-order and percentage-of-goods pricing; (2) the multi-year history of late and incomplete payments; and (3) the resulting outstanding balance. (ECF No. 3, PageID.10–12, ¶¶ 6–21.) Those facts, taken together, plainly

raise a right to relief above the speculative level and allow the Court to reasonably infer that Swank's nonpayment caused Brando substantial damages.

*Twombly* and *Iqbal* bar bare legal conclusions and formulaic recitations of causes of action—not an indefinite unpaid balance and Swank cites no case holding as much. This is yet another reason to deny Swank's Motion.

## II. THE ACCOUNT STATED CLAIM IS PLAUSIBLE AND SHOULD NOT BE DISMISSED

"An account stated claim is simply a claim to recover an unpaid balance." *Constract Design Grp., Inc. v. Wayne State Univ.*, 635 F. App'x 222, 233 (6th Cir. 2015). An account-stated claim can be proven "by evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them." *Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759, 777–78 (Mich. Ct. App. 2002).Where a party received an account and does not object, "its correctness may be considered as admitted by him, and the balance as the debt…." *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*, 837 N.W.2d 244, 253 (Mich. 2013) (quoting *White v Campbell,* 25 Mich 463, 468 (1872)).

Here, Brando alleges that over seven years, it regularly invoiced Swank, that Swank made partial payments on those invoices, and that Swank never objected to amounts due despite accumulating a large outstanding balance. These allegations are sufficient to state a claim for account stated. (ECF No. 3, PageID.10–12, ¶¶ 6–21, PageID.13, ¶ 31.) Indeed, courts have recognized that such a pattern of patrial

11

payment and silence supports a reasonable inference that the debtor accepted the stated account as accurate. *See, e.g.*, *Dunn v. Bennett*, 846 N.W.2d 75, 79 (Mich. Ct. App. 2013) (holding that, "[u]nder the circumstances presented, the reasonable inference from defendant's inaction and partial payment was that he assented to the amount due and, thus, an account stated was established").

Swank faults Brando for not attaching or cataloging every invoice, and for not labeling a particular communication as a "final statement of account," (ECF No. 7, PageID.32), but Rule 8 does not require this level of evidentiary detail at the pleading stage, however. The question now is whether the allegations, taken as true, plausibly show assent to an account. *Fisher Sand & Gravel Co*, 837 N.W.2d at 253.

They plainly do, especially when measured against decisions that treat materially similar allegations as sufficient to get past Rule 12(b)(6). *Lipa v. Asset Acceptance, LLC*, 572 F. Supp. 2d 841, 851 (E.D. Mich. 2008) (denying motion to dismiss and holding that "such a claim can be proven through evidence of an express understanding, or words and acts, and the necessary and proper inferences thereon."). Swank's Motion should be denied in this regard also.

Brando relies on *Unifund CCR Partners v. Riley*, 292 F. App'x 440, 444 (6th Cir. 2008) to argue that "[c]ourts routinely dismiss account-stated claims pled in this

12

conclusory manner."[3] (ECF No. 7, PageID.32.) But as shown above, Brando's allegations are more than sufficient at this stage. What is more, *Riley* has no application here. First, *Riley* is not a pleading-stage decision. It is a summary-disposition case where the Michigan Court of Appeals held that the debt buyer failed to establish an account stated on the *evidentiary* record because there was no proof that the defendant opened or used the card or made the payments in question. 2010 WL 571829 at *4–6. The court emphasized that, although the plaintiff had submitted statements and an affidavit, the defendant came forward with evidence she was the victim of identity theft, had disputed the debt, and had placed a fraud alert, so there was no evidence she knew of the account or assented to the balance; on that record, the open account could not be transformed into an account stated. *Id.* at *4.

Second, nothing in *Riley* leads to the conclusion, as Swank asserts, that courts "routinely dismiss" account-stated claims as conclusory at the pleading stage. Quite the opposite, in *Riley*, the court assumed the usual account-stated elements and focused on whether the plaintiff carried its burden on summary disposition in the

---

[3] The citation for "292 F. App'x. 440" does not lead to *Riley* but instead leads to *Salens v. Tubbs*, which is an implied contract case over an engagement ring. The correct citation for *Riley* is No. 287599, 2010 WL 571829 (Mich. Ct. App. Feb. 18, 2010).

face of competing identity-theft evidence. *Id.* Here, by contrast, Brando alleges a long-standing, undisputed commercial relationship, specific pricing terms, and Swank's nonpayment—not identity theft or lack of awareness—and Swank has not cited any authority extending Riley's evidentiary holding to require dismissal of a well-pleaded account-stated or contract claim at Rule 12(b)(6).

## III.   THE UNJUST ENRICHMENT CLAIM IS PROPERLY PLED IN THE ALTERNATIVE UNDER RULE 8

To succeed on an unjust enrichment claim under Michigan law, a plaintiff must prove (1) a defendant's receipt of a benefit from the plaintiff; and (2) an inequity to the plaintiff as a result. *Oldnar Corp. v. Panasonic Corp. of N. Am.*, 766 F. App'x. 255, 265 (6th Cir. 2019) (citations omitted). The Complaint alleges Brando provided services on account to Swank that Swank benefitted from and the services were the type Swank knew Brando would expect to be paid for. (ECF No. 3, PageID.13–14, ¶¶ 34–38.) That states a claim.

Swank does not meaningfully dispute that Brando has adequately alleged the elements of unjust enrichment but argues that unjust enrichment is barred because Brando also alleges an express contract. (ECF No. 7, PageID.32.) That argument ignores Federal Rule of Civil Procedure 8(d)(2)–(3), which expressly authorizes alternative and even inconsistent theories at the pleading stage, including contract and quasi-contract, particularly where the defendant disputes the existence or enforceability of the alleged contract. Indeed, "alternative pleading of contract and

14

quasi-contract claims routinely is permitted, and particularly is appropriate, where the defendant explicitly disclaims the availability of a contractual remedy…." *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 694 (E.D. Mich. 2020); *see also Select Rehab., LLC v. Sana Health, Inc.*, No. 17-13734, 2018 WL 2009578, at *5 (E.D. Mich. Apr. 30, 2018) (Edmunds, J.) (A "[d]efendant cannot effectively avoid suit by refusing to admit the existence of an express contract and at the same time asserting that, because a contract is alleged, an unjust enrichment claim must fail.").

In *Solo v. United Parcel Serv. Co.*, a district court dismissed an unjust-enrichment claim that was expressly pled in the alternative to a breach-of-contract claim. On appeal, the Sixth Circuit reversed. Although the plaintiff had alleged a "a valid and binding agreement between the parties for the purpose of his breach of contract claim, it would be improper to prematurely conclude that [the defendant] will not dispute this allegation in subsequent stages of the proceedings." 819 F.3d 788, 796 (6th Cir. 2016).

Here, Swank contends that Brando has failed to plead an enforceable contract with definite terms. (ECF No. 7, PageID.29–31.) That position squarely puts contract formation and scope at issue for later resolution. As such, just as it was improper in *Solo*, it would be improper and premature to dismiss Brando's unjust-enrichment claim, which the Complaint clearly asserts as an alternative theory of recovery.

15

## IV.  BRANDO'S REQUESTS FOR ATTORNEYS' FEES, COSTS, AND INTEREST NEED NOT BE STRICKEN AT THE PLEADING STAGE

Swank also seeks dismissal of Brando's requests for attorneys' fees and "penalties," citing the American Rule and arguing there is no pleaded contractual or statutory basis. (ECF No. 7, PageID.33.) But the First Amended Complaint seeks these items as part of the requested relief, not as standalone causes of action, and Rule 8 does not require a plaintiff to brief every potential legal basis for specific categories of damages in its complaint.

To the extent recovery of attorneys' fees or particular penalties ultimately turns on the application of specific statutes, contractual provisions, or court rules, those questions can be addressed at summary judgment or in connection with any fee petition, not on a Rule 12(b)(6) motion aimed at the sufficiency of the underlying liability claims. Because Brando has plausibly pled its substantive causes of action, its prayer for relief should remain as pled.

## V.  DISMISSAL WITH PREJUDICE IS UNWARRANTED AND CONTRARY TO RULE 15

Finally, Swank asks the Court to dismiss Brando's claims with prejudice and deny any further leave to amend, (ECF No. 7, PageID.33), even though this is the first Rule 12(b)(6) challenge to the Complaint[4] and there has been no showing of

---

[4] The original Complaint was filed on November 21, 2025 and amended on December 1, 2025 to add as an exhibit a declaration of account stated, which was inadvertently left off the initial pleading.

bad faith, undue delay, or prejudice. Rule 15(a)(2) directs courts to "freely give leave" to amend "when justice so requires," and the Sixth Circuit has repeatedly held that denial of leave is proper only in the presence of specific factors such as repeated failure to cure defects, undue delay, dilatory motive, or clear futility. *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

No such factors are present here, so even if this Court were to identify any pleading deficiencies, given the lack of failure to cure defects, undue delay, dilatory motive, or clear futility, leave to amend should be granted.

## CONCLUSION

For all of the foregoing reasons, Brando respectfully requests that the Court (1) deny Swank's Motion to Dismiss in its entirety; (2) permit all claims—breach of contract, account stated, and unjust enrichment—to proceed to discovery; (3) decline to strike Brando's requests for attorneys' fees, costs, and interest; and (4) in any event, deny Swank's request for dismissal with prejudice and preserve Brando's right to seek leave to amend under Rule 15(a)(2).

Respectfully Submitted,

Date:  March 10, 2026                    By:  */s/ Vincent C. Sallan*
                                         Ethan R. Holtz (P71884)
                                         Vincent C. Sallan (P79888)
                                         Taft Stettinius & Hollister LLP
                                         *Attorneys for Plaintiff*
                                         27777 Franklin Road, Suite 2500
                                         Southfield, MI 48034
                                         (248) 727-1512
                                         eholtz@taftlaw.com
                                         vsallan@taftlaw.com

18

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Respectfully Submitted,

Date:  March 10, 2026

By:  */s/ Vincent C. Sallan*
Ethan R. Holtz (P71884)
Vincent C. Sallan (P79888)
Taft Stettinius & Hollister LLP
*Attorneys for Plaintiff*
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 727-1512
eholtz@taftlaw.com
vsallan@taftlaw.com