UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDO LLC,

                Plaintiff,                Case No. 2:25-cv-13731

v.                                    Hon. Brandy R. McMillion
                                         United States District Judge

SWANK, LLC, *doing business as*,
SWANK A. POSH,

                Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO. 7)

Plaintiff Brando LLC ("Brando") filed this diversity action against Defendant Swank, LLC, doing business as Swank A. Posh ("Swank"), for a contractual dispute under Michigan law. *See generally* ECF Nos. 1, 3. Before the Court is Swank's Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule 12(b)(6), for failure to state a claim upon which relief can be granted. *See* ECF No. 22. The Motion has been sufficiently briefed such that the Court can rule based on the record before it in lieu of holding a hearing. *See* ECF No. 8; E.D. Mich. LR 7.1(f)(2).[1] For the reasons stated below, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 7) is **DENIED.**

---

[1] The Court notes Defendant's Reply to the Motion to Dismiss was due 14 days after Plaintiff's Response. E.D. Mich. LR 7.1(e)(2)(B). However, a Reply was not filed.

1

## I.

Brando is a California limited liability company, established to provide fulfillment and procurement services for clothing retailers.  *See* ECF No. 3, PageID.10.  Swank is a Michigan limited liability company operating an apparel boutique in Southfield.  *Id.*  Around 2017, the parties entered into a business agreement for Brando to render services to Swank at "approximately $3 for each order fulfilled, plus 6% of whatever goods Swank purchase that Brando sourced." *Id.*  The nearly seven-year agreement between the parties was reflected in Brando's monthly written invoices for services rendered, which Swank partially paid.  *Id.* at PageID.11.  Within the first year of business, orders processed between the two entities grew to as much as $24Million and over 1,000 orders per day.  *Id.*

Although Swank was often late or did not pay in full during the business venture, Brando kept providing services to Swank as long as partial payments were made.  *Id.*  During 2022 and 2023, Swank's partial payment amount began to decrease.  *Id.*  This trend continued into 2025.  *Id.*  On November 6, 2025, Brando alleges Swank made its last payment for $4,500, while it owed an outstanding balance of $1,044,578.74.[2]  *Id.*  Brando attempted to contact Swank regarding further payment, but to no avail.  Brando believes Swank has closed its online store without intention on paying the remaining balance of $1,085,050.74.  *Id.* at PageID.12.

---

[2] The Court notes that Brando, in response to this Motion, received a payment for $8,635 from Swank on November 24, 2025.  *See* ECF No. 8, PageID.46, n.1.

In December 2025, Brando filed this action, seeking payment for the unresolved invoices from Swank.  *See* ECF Nos. 1, 3.  This Motion followed.  *See* ECF No. 7.

## II.

A plaintiff has an obligation to file a complaint that is "plausible on its face." *See City of Cleveland v. Ameriquest Mortg. Sec., Inc., et al.*, 615 F.3d 496, 503 (6th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  To avoid dismissal under Federal Rule 12(b)(6), a plaintiff's well-pleaded factual allegations must "allow []the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The Court must "construe the complaint in the light most favorable to the plaintiff," imparting the assumption of truth.  *See Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023).

The assumption is given by "accept[ing] all of the complaint's factual allegations as true and determine[ing] whether these facts sufficiently state a plausible claim for relief."  *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Twombly*, 550 U.S. at 555-56).  But pleadings that are no more than legal conclusions are not entitled to the assumption of truth.  *See Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3.  Generally, whether a plaintiff has sufficiently pled a plausible claim depends on the factual allegations within the four

corners of the plaintiff's complaint.  *See Caraway v. Corecivic of Tenn., LLC.*, 98 F.4th 679, 687-88 (6th Cir. 2024).

### III.

Swank seeks to dismiss Brando's complaint in its entirety for failing to allege plausible claims for breach of contract, account stated, and unjust enrichment under Michigan law.  *See generally* ECF No. 7.  The Court will address each issue in turn.

### A.  BREACH OF CONTRACT

According to Swank, Brando failed to plead the existence of an enforceable contract under Michigan law because (1) material terms are left open or undefined, (2) invoices cannot supply missing terms in a contract, and (3) the damages claimed are conclusory.  *See* ECF No. 7, PageID.29-31.  The Court disagrees.

Under Michigan law, a plaintiff establishes a successful breach of contract claim by a preponderance of the evidence when "(1) there was a [valid] contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach."  *See Stackpole Int'l Engineered Prods., Ltd. v. Angstrom Auto Grp., LLC*, 52 F.4th 274, 283 (6th Cir. 2022) (citing *Miller-Davis Co. v. Ahrens Const., Inc.*, 848 N.W.2d 95, 104 (Mich. 2014) (alteration in original)).  A valid contract requires the following essential or material terms: "(1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality

of obligation." *Bank of Am., NA v. First Am. Title Ins. Co.*, 878 N.W.2d 816, 830 (Mich. 2016).

Here, under Count I, Brando alleged it was retained by Swank to provide fulfillment and procurement services, which were performed over a seven-year period, where Swank agreed to pay $3 per order plus 6% of whatever goods Swank purchase that Brando sourced. *See* ECF No. 3, PageID.10; ECF No. 8, PageID.48. Brando's allegations are sufficient to state a breach of contract claim. The nonessential omissions Brando identified, *see* ECF No. 7, PageID.30, are inconsequential to determine whether a valid contract exist.

The Court also finds Swank's characterization of the damages as "conclusory" unpersuasive. Michigan has long recognized that contractual damages arise naturally from a breach. *See Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50, 52-53 (Mich. 1980). Such is the case here; Brando specified that the total amount of damages is the result of an outstanding balance generated over time from late and incomplete payments based on the terms of the original agreement. *See* ECF No. 8, PageID.53. Brando also alleged to have sent monthly invoices documenting the amount due for the services rendered for nearly seven years, which Swank should have received. *See* ECF No. 3, PageID.11. Accepting those allegations as true, the Court finds the facts supporting the damages claim sufficient to award relief. Therefore, Count I will proceed in this matter.

**B.     ACCOUNT STATED**

In Michigan, an account stated is "a claim to recover an unpaid balance." *See Contract Design Grp., Inc. v. Wayne State Univ.*, 635 F. App'x 222, 233 (6th Cir. 2015) (citing *Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759, 777 (Mich. Ct. App. 2002)).  Brando alleges "Swank failed to pay $1,085,050.74 due as stated on [its] invoices." *See* ECF No. 3, PageID.13, ¶32.  An account stated claim is established when: (1) parties have prior transactions, (2) an agreement on the balance due, and (3) a promise to pay that balance. *See Dunn v. Bennett*, 846 N.W.2d 74, 77 (Mich. Ct. App. 2013) (citing *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*, 837 N.W.2d 244, 252-53 (Mich. 2013)).

Under *Dunn*, and contrary to Swank's designation of the allegations under Count II as "legal conclusions," the Court finds Brando has sufficiently stated a claim for relief.  Detailed factual allegations are not required at this phase. *See Iqbal*, 556 U.S. at 678.  As pled, Brando and Swank had a prior transactional relationship, spanning nearly seven years for fulfillment and procurement services in exchange for payments, some Swank partially paid.  And for claims of accounts stated, if the Plaintiff attached an affidavit stating the amount due to his complaint, the "affidavit shall be deemed prima facie evidence of such indebtedness[.]" *See Light Source, Inc. v. Display Dynamics, Inc.*, No. 2:06-cv-14268, 2011 WL 1598621, at *5 (E.D. Mich. Apr. 28, 2011) (citing  MICH. COMP. LAWS § 600.2145).  An affidavit stating

6

as much is attached to the complaint.  *See* ECF No. 3-1, PageID.16-17.  The facts as alleged also lend to an agreement between the parties on the balance due under Michigan law, as Swank allegedly made payments to Brando.  *See Dunn*, 846 N.W.2d at 78-79 ("[M]utual assent to an account stated may also be established by payments on the account.") (citation omitted); ECF No. 8, PageID.46, n.1.

Thus, the Court finds enough facts have been alleged for the claim to rise above a speculative level.  Therefore, Count II will proceed in this matter.

## C.    UNJUST ENRICHMENT

Brando's third claim is for unjust enrichment.  *See* ECF No. 3, PageID.13.  In Michigan, unjust enrichment is defined as one party's "unjust retention of money or benefits which in justice and equity belong to another." *Tkachik v. Mandeville*, 790 N.W.2d 260, 266 (Mich. 2010) (internal quotation marks and citation omitted).  To proceed on a claim of unjust enrichment, "a plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006) (citation omitted).

In the absence of a contract, a plaintiff must show that a direct benefit was provided to the defendant to establish an unjust enrichment claim. *See A&M Supply Co. v. Microsoft Corp.*, No. 274164, 2008 WL 540883, at *2 (Mich. Ct. App. Feb. 28, 2008); *accord Bloomer v. Word Network Operating Co.*, 785 F. Supp. 3d 251,

272 (E.D. Mich. 2025).  "When successful, the court will 'imply a contract' and require the defendant to disgorge any unjustly retained benefit as restitution." *P.R.A. Co. v. Arglass Yamamura SE, LLC*, 768 F. Supp. 3d 862, 872 (E.D. Mich. 2024) (internal quotation marks and citation omitted).

Generally, a party cannot recover under a theory of unjust enrichment when a transaction is governed by a valid contract.  *See Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F. Supp. 3d 824, 833 (E.D. Mich. 2014) (citing *Morris*, 729 N.W.2d at 904).  However, a claim for unjust enrichment can survive a motion to dismiss if it has been pled in the alternative to a breach of an express contract claim and the defendant has disputed the existence of the express contract.  *See Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 796-97 (6th Cir. 2016).

Here, Brando pleads this theory in the alternative.  ECF No. 8, PageID.58. And Swank is contesting the existence of a contract between the two entities.  *See* ECF No. 7, PageID.29-32.  Therefore, at this stage the unjust enrichment claim under Count III will proceed as well.[3]

### D.    MISCELLANEOUS REQUEST

While Brando's Complaint does not contain a separate claim for attorney fees and penalties, Swank seeks dismissal of Brando's "request" under the American

---

[3] The Court notes that as the case progresses, this could be a different story.  If the parties establish the existence of an express contract, this claim will not survive through trial.  *See In re Gen. Motors Air Conditioning Marketing and Sales Practices Litig.*, 406 F. Supp. 3d 618, 634 (E.D. Mich. 2019) (citing *Bowlers' Alley, Inc., v. Cincinnati Ins. Co.*, 32 F. Supp. 3d 824, 833 (E.D. Mich. 2014)).

Rule, which "dictates that 'absent statute or enforceable contract, litigants pay their own attorneys' fees." *See* ECF No. 7, PageID.32; *see also State v. United States*, 986 F.3d 618, 631 (6th Cir. 2021) (discussing the American rule's existence in our legal systems since the 18th century). However, the rule triggers only when the case has reached a final judgement. *See, e.g., Othen v. Ann Arbor Sch. Bd.*, 507 F. Supp. 1376, 1378-79 (E.D. Mich. 1981). This case is not over. Therefore, any determination on a request for fees is premature.

Such is the same with the request to deny leave to amend. ECF No. 7, PageID.33. Brando's right to seek leave to amend under Federal Rule 15 is preserved, if such a need arises and it is properly made according to the Court's practice guidelines.

**V.**

Accordingly, Swanks' Motion to Dismiss (ECF No. 7) is **DENIED**. Counts I, II, and III will procced in this litigation.

**IT IS HEREBY ORDERED** that Swank shall file an Answer to Counts I, II, and III of the Amended Complaint (ECF No. 3) on or before **July 30, 2026**.

**IT IS SO ORDERED.**

Dated: July 9, 2026                              s/Brandy R. McMillion
     Detroit, Michigan                       HON. BRANDY R. MCMILLION
                                    United States District Judge